The Chief Jusuice
delivered the opinion of the court.
This was an action of assumpsit, in which the plaintiff declared upon a contract, whereby the defendant undertook to build a mill and dam for the plaintiff, he, the plaintiff, finding the necessary timbers, and alleged a performance of his undertaking to find the timbers, and a failure on the part of the defendant to build the mill and dam agreeably to contract.
On the trial of the cause the plaintiff proved the contract of the defendant to build the mill and dam, and that, the plaintiff was to supply the timbers wnA'fUl the dam with rock. The court below, on the motion of the defendant, instructed the jury to iind as in case of a non-suit, to which the plaintiff excepted, and a verdict and judgment having been given against him, he has appealed to this court.
/ That the instructions given by the court below were cor-feet, we have but little doubt.
The undertaking of the plaintiff to fill the dam with rock, was certainly a material part of the contract, and its formance, if not precedent to, was at least concurrent with the completion of the undertaking on the part of the defendant. The omission, therefore, to state it in the decía-ration, and to aver its performance, was a fatal defect. It is true that the plaintiff not only proved it to be a part of the contract, but that he had performed it; but it was not sufficient for him to prove the contract and its performance ⅝ 9 t i ⅛ i m all its material parts, without correspondent allegations in his declaration; for the court and jury must decide according to the allegations and the proofs, and they can no more dispense with the former than they can with the latter.
The judgment of the cirt. court must be affirmed with cost.